ALD-006                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3457
_____

IN RE: ROER DAVILA
A/K/A LUIS FERNANDEZ RUIS-HERRERA,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States Court for the Eastern District of Pennsylvania
(Related to D.C. Criminal No. 2:06-cr-00537-003)
District Judge: Honorable Paul S. Diamond

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 10, 2013
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 25, 2013)
_____

OPINION
_____

PER CURIAM

Roer Davila petitions this Court for a writ of mandamus directing the United

States District Court for the Eastern District of Pennsylvania to compel his former

counsel to produce all documents related to his criminal case.  For the reasons that

follow, we will deny Davila's mandamus petition.

I.

In 2010, the District Court convicted Davila of conspiracy to distribute five kilograms or more of cocaine and possession with the intent to distribute a controlled substance, and sentenced him to 360 months of imprisonment. In April 2013, following an unsuccessful direct appeal, Davila filed a motion to compel his sentencing and appellate counsel to deliver all documents related to his criminal case. Davila also filed a motion pursuant to 28 U.S.C. § 2255, which is pending in the District Court.[1] Thereafter, the District Court denied the motion to compel as moot, finding that Davila's counsel had already sent him the case file.

Davila maintains that his former counsel has not yet delivered to him the documents related to his criminal case, and that, as a result, we should issue a writ of mandamus requiring the District Court to compel his former counsel to do so. Davila has also filed an appeal challenging the District Court's denial of his motion to compel.

II.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Davila must demonstrate that "(1) no other adequate means [exist] to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate

---

[1] We note that the District Court has appointed counsel to represent Davila in his § 2255 action.

under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted).

Davila cannot make such a showing because he has other adequate means to compel his former counsel to produce the requested documents. In particular, he may seek review of the District Court's order denying his motion to compel if his pending § 2255 motion is denied. See In re Chambers Dev. Co., Inc., 148 F.3d 214 (3d Cir. 1998) ("A writ of mandamus should not be issued where relief may be obtained through an ordinary appeal."). Thus, mandamus is not appropriate.

Accordingly, because Davila cannot demonstrate extraordinary circumstances justifying a writ of mandamus, we will deny his petition.